**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:_____

**MARLO EDHOLM**, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

**AMERICANS FOR RESPONSIBLE LEADERSHIP,** an
Arizona non-profit corporation

---

**COMPLAINT AND JURY DEMAND**

---

## I.   NATURE OF ACTION

1. Two months prior to the 2012 presidential election, the FCC released an Enforcement Advisory reminding political organizations that robocalls are illegal when directed to a cell phone.

2. Yet even after being warned by the federal government that its conduct was illegal, the Arizona non-profit corporation Americans for Responsible Leadership (ARL) bombarded voter cell phones with robocalls urging them to vote for Mitt Romney in the 2012 presidential election.

3. ARL recently found itself in the public spotlight when its election activities were impugned by the California Fair Political Practices Commission and ARL was forced to admit to campaign money laundering. The pre-election robocalling campaign at issue in this case is yet

another example of ARL's disregard for the laws under which political organizations must operate.

4. Plaintiff Marlo Edholm received at least five illegal robocalls from ARL and brings this class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, to ensure both that ARL ceases its practice of illegally robocalling voters in the future and that ARL pays appropriate statutory damages for its past conduct.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, as the action arises under the laws of the United States, namely, the Telephone Consumer Protection Act, 47 U.S.C. § 227.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because ARL is a resident of this District and the robocalls giving rise to Plaintiffs' claims occurred within this District.

## III.   PARTIES

7. Plaintiff Marlo Edholm is a citizen of the State of Colorado and a resident of Denver, Colorado.

8. Defendant ARL is registered as a non-profit corporation under the laws of the State of Arizona. Its stated purpose is to "promote the general welfare of the citizens of the United States of America by educating the public about concepts that advance government accountability, transparency, ethics and related public policy issues."

## IV.   CLASS ACTION ALLEGATIONS

9.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and all similarly situated persons. Plaintiff proposes the following class definition, subject to revision by the Court as may be appropriate:

> All persons within the United States who received one or more non-emergency telephone calls from ARL to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and who did not provide prior express consent for those calls.

Excluded from the class are ARL and any entities in which Defendant has a controlling interest; ARL's agents and employees; any Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

10.     Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party pursuant to Rule 23.

11.     <u>Numerosity</u>: ARL's pre-election robocall campaign was far-reaching and made without regard to whether the telephone numbers dialed were assigned to a cellular telephone system. It would therefore be impractical to join all class members, who are likely to number in the tens of thousands, into a single action through conventional joinder.

12.     <u>Commonality</u>: Plaintiff's and class member's TCPA claims raise predominantly factual and legal questions that can be answered for all class members through a single class-wide proceeding. For example, to resolve any class member's TCPA claims, it will be necessary to answer the following questions, each of which can be answered through common, generalized evidence (such as ARL's call logs and records):

   a.     Did ARL conduct a pre-election robocall campaign?

      b.     Were the cellular telephone numbers of Plaintiff and class members among those called during ARL's pre-election robocall campaign?

      c.     Does ARL have any record that Plaintiff or other class members provided them with prior express consent to receive robocalls on their cellular phones?

      d.     Should ARL be enjoined from directing robocalls to cellular telephone numbers in the future?

      e.     Should the statutory damages that ARL is required to pay for each TCPA violation be increased because its conduct was knowing or willful?

13.   <u>Typicality</u>:  Plaintiff's claims are typical of class member's claims, as each arises from the same robocalling practices on the part of ARL.

14.   <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interests of the class. Her interests do not conflict with the class's interests and she has retained counsel experienced in class action and TCPA litigation to prosecute this action on behalf of the class.

15.   In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b)(3).  Common questions of law and fact predominate over any questions affecting only individual members and a class action is superior to individual litigation.  The amount of statutory damages available to individual plaintiffs is insufficient to make litigation addressing ARL's conduct economically feasible in the absence of the class action procedure.

16.     In the alternative, class certification is appropriate under Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief appropriate with respect to the members of the class as a whole.

## V.     FIRST CAUSE OF ACTION

### For Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227

17.     The Telephone Consumer Protection Act of 1991 (TCPA) made it illegal to call any telephone number assigned to a cellular telephone service using an automatic telephone dialing system or an artificial or prerecorded voice.  47 U.S.C. § 227(b)(1)(A).  The statute imposes strict liability for violations, making exceptions only for calls made for emergency purposes or made with the prior express consent of the called party.

18.     In the months prior to the 2012 presidential election, Defendant ARL engaged in a "robocall" campaign to urge voters to vote for Mitt Romney.  Robocalls are phone calls that use a computerized autodialer to deliver a prerecorded message.

19.     As part of its pro-Romney robocall campaign, ARL initiated robocalls to telephone numbers assigned to a cellular telephone service, and thus violated 47 U.S.C. § 227(b)(1)(A).

20.     Plaintiff Marlo Edholm was one of those who received several robocalls from ARL to her cellular telephone.

21.     On Friday, November 2, 2012, Ms. Edholm received the following automatically dialed, prerecorded message on her cellular telephone:

> Hello, my name Olivia and I'm a volunteer with Americans for Responsible Leadership.  I'm calling because I'm worried about our future.  Twenty-three million Americans are out of work, we're sixteen trillion dollars in debt, and we

borrow four billion dollars a day. It's disappointing, but President Obama's policies haven't worked. That's why I encourage you to vote for Mitt Romney. He has real world business experience and knows how to fix the economy. He can break through the partisan gridlock in Washington because as Governor of Massachusetts, he worked with a legislature that was 90% Democrat to reduce the state's debt. Thank you very much for your time. Paid for by Americans for Responsible Leadership and not authorized by any candidate or candidate's committee. www.ARL-national.org.

22. The following day, Ms. Edholm received the same automatically dialed, prerecorded message on two more occasions with a glitch at the beginning of the message indicating a recording starting and restarting:

. . . out of work, we're six- Hello – Hello my name is - . . .

Hello, my name Olivia and I'm a volunteer with Americans for Responsible Leadership. I'm calling because I'm worried about our future. Twenty-three million Americans are out of work, we're sixteen trillion dollars in debt, and we borrow four billion dollars a day. It's disappointing, but President Obama's policies haven't worked. That's why I encourage you to vote for Mitt Romney. He has real world business experience and knows how to fix the economy. He can break through the partisan gridlock in Washington because as Governor of Massachusetts, he worked with a legislature that was 90% Democrat to reduce the state's debt. Thank you very much for your time. Paid for by Americans for Responsible Leadership and not authorized by any candidate or candidate's committee. www.ARL-national.org.

The third message varied slightly in the glitch at the beginning of the message, which said: "…out of work. - Hello- Hello my name is- …".

23. On Tuesday, November 5, 2012, Ms. Edholm again received an automatically dialed, prerecorded message from ARL on her cellular telephone with a different message, but with a similar glitch at the beginning of the message:

. . . back on track. Hi this is Pam - . . .

Hi, this is Pam with Americans for Responsible Leadership. I'm calling to remind you that tomorrow is Election Day. Mitt Romney has a plan to get

America back on track. We can't afford four more years of Barack Obama as president. Please vote for Mitt Romney for president. This call was paid for by Americans for Responsible Leadership and not authorized by any candidate or candidate's committee. 602-845-9854.

24. Later the same day, Ms. Edholm received the same message yet again, with the same impersonal words, inflections, and tone, though without the initial glitch.

25. Ms. Edholm had not given ARL her express consent to call her cell phone with automatically dialed or prerecorded messages. She had never given ARL her telephone number and, prior to receiving ARL's robocalls, had never even heard of ARL.

26. ARL's robocalls to Plaintiff and other members of the proposed class violate the TCPA because they were calls made to telephone numbers assigned to a cellular telephone service and were made using an automatic telephone dialing system and/or an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

27. As a result of ARL's violations of the TCPA, Plaintiff and the other members of the proposed class are entitled to statutory damages of $500.00 for each unlawful robocall and an injunction prohibiting ARL from engaging in similar conduct in the future.

28. In addition, because ARL willfully or knowingly violated the TCPA and did so even after the FCC issued Enforcement Advisory No. 2012-06 to remind political organizations of the TCPA's robocall rules, the Court may in its discretion increase the amount of the statutory damages to an amount up to $1,500 per violation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court:

a. Certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as the class representative and her counsel as class counsel;

b. Enjoin ALR from continuing to violate the TCPA by placing robocalls to cellular telephone numbers;

c. Award statutory damages to Plaintiff and the class pursuant to 47 U.S.C. § 227(b)(3).

d. Award interest as allowed by law.

e. Award a reasonable amount of attorney fees and costs to compensate Plaintiffs' counsel for the time and litigation expenses incurred on behalf of the class;

f. Issue such other relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated:  February 1, 2013                                Respectfully Submitted,

**THE MELLON LAW FIRM**

By:   s/ Joseph J. Mellon
Joseph J. Mellon, #13080
Mary F. Mellon, #17912
1401 Wewatta St., Unit 806
Denver, CO 80202
Telephone:  (303) 915-0198
Email:  joejmellon@comcast.net

Eric H. Gibbs
Dylan Hughes
Geoffrey A. Munroe
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846
Email:  ehg@girardgibbs.com

9

        Andrew L. Quiat
        **THE LAW OFFICE OF ANDREW L. QUIAT PC**
        7955 E. Arapahoe Court #1250
        Centennial, Colorado 80112
        Telephone: (303) 471-8558

        Email: aquiat@faxlawcenter.com

        *Attorneys for Plaintiff and the Class*